AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Application for an Order under 28 U.S.C §1782 Compelling the Production of Documents by Witnesses for Use in an Action Pending in the Superior Court of Justice, Toronto, Canada

| JYOTI LAKHTAKIA | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-mc-00238-LGS |
| American Express Company | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: American Express Company, 200 Vesey Street, New York, New York 10285
(Through Registered Agents : C T Corporation System, 28 Liberty Street, New York, New York 10005)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached hereto

| Place: 20 Valleyside Trail, Brampton, Ontario, Canada, L6P2G4 | Date and Time: 10 JULY, 2019, 5:00 PM |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5-31-2019

RUBY J. KRAJICK
CLERK OF COURT

_____       OR       _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JYOTI LAKHTAKIA
, who issues or requests this subpoena, are:

JYOTI LAKHTAKIA, 20 VALLEYSIDE TRAIL BRAMPTON CANADA L6P2G4 Tel:4164220622; lakhtakiaj@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE "A" TO SUBPOENA DUCES TECUM

## SUBJECT TO DEFINITIONS AND INSTRUCTIONS WHICH APPEAR BELOW

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION**

Please produce the following documents pertaining to all current and/or closed AMEX credit card accounts issued from Singapore from 01 January 2011 to the current, including Centurian Credit Card accounts in the names of VINEET J MEHRA or VINEET MEHRA, Indian Citizen, including but not limited to the following Credit Card accounts:

American Express Centurian Card Number: 3762 014539 91010
American Express Centurian Card Number: 3762 014539 91002

1. Monthly Credit Card Account Statements to all current and/or closed AMEX credit cards
2. Preauthorized debit authorizations including Account # and the Name of the Financial institution
3. Credit and debit memos
4. Copies of EFT and wire transfers sent or received reflecting the source of the funds wired out and wired in and Notes, memoranda or other writings pertaining to the sending or receipt of such transfers.
5. Credit Card Account opening forms. Customer information Forms, Profiler & KYC details, legal Name(s) of the credit card holder of these accounts and Cards Type: Corporate, Business or Individual
6. Copies of Periodic Net worth assessments / reports & Periodic Credit Bureau reports
7. Customer correspondence files i) Letters/emails to AMEX ii) Letters/emails from AMEX iii) Notes, memoranda, etc. to the file

**DEFINITIONS AND INSTRUCTIONS**

1. The "Company" refers to American Express Company including American Express Singapore & American Express International, Inc.

2. "Company Affiliate" refers to (a) American Express and (b) all corporations, companies, limited liability companies, partnerships and limited partnerships.

3. The relevant period of time covered by the subpoena is January 1, 2011 to the present, unless otherwise stated in the request.

4. The terms "YOU" and "YOUR" and "YOURSELF" refers to American Express Company including its numerous subsidiaries and affiliates, (collectively "AMEX") as

Case 1:19-mc-00238-LGS   Document 13-1   Filed 07/22/19   Page 3 of 5
Case 1:19-mc-00238-LGS   Document 2-23   Filed 05/03/19   Page 4 of 10

2

well as to all present or past employees, servants, agents, attorneys, investigators, representatives, or any other person or entity directly or indirectly subject to their respective control, and/or purporting to act on their behalf, in this action.

5. As used in these requests, the term "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any information which might otherwise be construed to be outside their scope. As used herein, "DOCUMENT" shall be deemed to mean any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character, whether original, master or copy (whether still active, archived or transparent) and any copies or reproductions that are not identical to the original, that is or has been in the possession, control or custody of you, your attorney and/or all other person acting in your behalf or of which any of the aforementioned persons have knowledge, other person acting in your behalf or of which any of the aforementioned persons have knowledge, including, but not limited to, letters, e-mail (internal and external), communications, correspondence, memoranda, confirmations, facsimile transmittal sheets, transmittal forms, telegrams, notes, summaries, minutes, contracts, subcontracts, purchase orders, leases, amendments, change orders, proposals, requests for proposal, bids, marketing documents, reports, studies, drawings, charts, diagrams, sketches, estimates, specifications, addenda, schedules, directives, records of telephone conversations, staffing projections, records of meetings and conferences, including lists of persons attending meetings or conferences, summaries and records of personal conversations or interviews, exhibits, transcripts, books, manuals, publications, diaries, logs, daily reports, status reports, minutes of meetings, records, journals, entries in journals, charts, financial records and/or summaries of financial records, work papers, bills, ledgers, financial statements, audit reports, financial data, status sheets, contract status reports, tax returns, certificate of insurance, agreements of suretyship and/or indemnification, insurance policies, calendars, summaries of investigations and/or surveys, statistical compilations, audio or visual recordings, photographs, cpm schedules, spreadsheets, computer or magnetic records, computer memory (including that of any "transparent" information, information deleted from the personal computer or file but not from the system) , hard drives, floppy discs, optical discs, CD-ROM discs, Bernoulli discs and their equivalents, magnetic tape, disaster recovery back-up, compact disks, computer generated reports or summaries, drafts of original or preliminary notes on and marginal comments appearing on any documents, other reports and records, any other paper or physical thing containing writing, photographic, imaged, or electronically recorded data, every copy of such writing or records where the original is not in the possession, custody or control of the afore-mentioned persons, and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

Attachment A to Subpoena -List of Documents to be produced by AMEX Re: Application of Jyoti Lakhtakia for an Order pursuant to 28 U.S.C. §1782 at United States District Court Southern District of New York

3

6. The term "Identify", when used in reference to a document, means to:

    a. State the date of preparation, author, title (if any), subject matter, number of pages, and type of documents (e.g., contract, letter, report, etc.) or some other means of distinguishing the document or writing;

    b. Identify each and every person who prepared or participated in the preparation of the document or writing;

    c. Identify each and every person who received a copy of the document;

    d. State the present location of the document or writing;

    e. Identify each and every person having custody or control of the document or writing;

    f. State whether any copy of the document or writing is not identical to the original by reason of shorthand or other written notes, initials, or other modifications;

    g. State, if the document or writing has been destroyed, the circumstances surrounding and the reasons for the destruction; and

    h. Identify, if the document or writing has been destroyed, each and every person who destroyed or participated in or ordered or suggested the destruction of it.

If any document is held under claim of privilege, please identify the document for which there is a claim of privilege, including without limitation:

    a. The date it bears;

    b. The name of each person who prepared it or who participated in any way in its preparation;

    c. The name of each person who signed it;

    d. The name of each person to whom it, or a copy of it was addressed;

    e. The name of each person who presently has custody of it or a copy of it;

    f. The subject matter and its substance; and

    g. What factual basis there is for the claim of privilege.

7.     The term "communication" means any contact, oral or written, formal or informal, at any time or any place under any circumstance whatsoever whereby any information of any nature was transmitted or transferred, including but not limited to personal conversation, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications.

Attachment A to Subpoena -List of Documents to be produced by AMEX Re: Application of Jyoti Lakhtakia for an Order pursuant to 28 U.S.C. §1782 at United States District Court Southern District of New York

8. Whenever appropriate, the singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include feminine.

9. You are requested to provide all documents within your possession, custody or control. In the event that you provide only a portion of the documents called for by any particular document request, please state the reason(s) for your inability to provide the remainder of the documents requested and the identity of the document(s).

10. If any document requested to be produced was but is no longer in the possession or control of the aforementioned persons, or is no longer in existence, state whether it is (1) missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to others and if so to whom, or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof and state the approximate date thereof.

11. The terms "relate to" and "relating to" shall mean, refer to and include, pertaining to, embodying, reflective, referring to, relating to, mentioning, referencing, discussing, addressing, showing, demonstrating, constituting and/or being in any way logically and/or factually connected to the referenced matters.

*JLakhtakia*

Attachment A to Subpoena -List of Documents to be produced by AMEX Re: Application of Jyoti Lakhtakia for an Order pursuant to 28 U.S.C. §1782 at United States District Court Southern District of New York